IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






74,916, 74,917, 74,918, 74,919, 74,920, 74,921, 74,922, 74,923






EX PARTE ROGER DALE MONK, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


FROM HOPKINS COUNTY






 Per Curiam.



OPINION



 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3 of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted of indecency with a child, and his sentence was assessed at
twenty years imprisonment and a fine in the amount of $10,000. Applicant also received six
convictions for aggravated sexual assault of a child. Applicant was sentenced to life
imprisonment and fined $10,000.00 in each cause. Finally, Applicant was convicted of sexual
assault of a child, and his punishment was assessed at twenty years confinement and a $10,000
fine. Although Applicant attempted to appeal each conviction, his appeals were dismissed by
the Twelfth Court of Appeals for want of jurisdiction because they were untimely filed. Monk 
v. State, Nos. 12-03-00213-CR, 12-03-00214-CR, 12-03-00215-CR, 12-03-00216-CR, 12-03- 00217-CR, 12-03-00218-CR, 12-03-00219-CR, 12-03-00220-CR (Tex. App. -- Tyler,
2003, no pet.). 

 In the instant applications for habeas corpus relief, Applicant contends that he was
denied his right to appeal his convictions because his appellate counsel rendered ineffective
assistance due to the fact that he failed to file notices of appeal or motions for extension of
time. 

 The trial court entered findings of fact and conclusions of law in which it found that
Applicant is entitled to out-of-time appeals due to the ineffective assistance of counsel on
appeal. We agree. Evitts v. Lucey, 469 U.S. 387, 394-95 (1985); Ex parte Axel, 757 S.W.2d
369, 374 (Tex. Crim. App. 1988). Applicant is entitled to out-of-time appeals in cause
numbers 0216484, 0216485, 0216486, 0216487, 0216488, 0216489, 0216490, and
0216491 from the 8th Judicial District Court of Hopkins County, Texas. Applicant is ordered
returned to that point in time at which he may give written notices of appeal so that he may
then, with the aid of counsel, obtain meaningful appellate review. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the sentences had been
imposed on the date that the mandate of this Court issues. Should Applicant desire to pursue
out-of-time appeals, he must take affirmative steps to ensure that written notices of appeal are
given within thirty days after the mandate of this Court has issued.

 

DELIVERED: March 24, 2004

DO NOT PUBLISH